Abraham N. Geller, J.
Defendant’s coram noMs petition requested a hearing with regard to the oral confession testified to by a police officer at his trial in 1953. The petition did not appear to make any claim as to alleged involuntariness of the confession but rather that it was used to impeach defendant’s credibility when he took the stand. The court ascertained that the minutes of the trial had not been transcribed, that the court stenographer was now deceased’ and that his notes could not be found. A copy of the court’s charge, however, was available. The court had summarized therein the testimony given by the police officer and by the defendant. It appeared from the petition, although vaguely worded, and the court’s charge, that defendant had testified that he had made no confession or admission of any kind to the police officer and had instead maintained throughout his questioning that he had nothing to do with the two robberies involved. Under those circumstances the question of voluntariness of his alleged confession would not have been in the case and a hearing on the voluntariness of a confession would not be called for' (People v. Huntley, 15 N Y 2d 72).
However, in view of the minutes being missing and to afford defendant every opportunity to explain his position, the court entertained his petition to the extent of assigning counsel to *944 represent him and set the matter down for a date when defendant would be brought to court and the matters raised inquired into.
Defendant stipulated through his counsel and also testified at this hearing that the court’s summarization of his testimony and that of the police officer accorded with his recollection; that he recalled the testimony the officer gave as to his alleged confession; that he testified at the trial and now testified that he did not make any confession. Both his counsel and he then agreed with the court’s statement of his position that he “ is not raising the issue as to whether or not there was a voluntary confession but rather his position is that he did not make any confession whatever.”
Actually, defendant was not entitled to a hearing on the voluntariness of his confession, since it was definitely developed at this hearing that the issue of voluntariness was not raised at the trial. Where a defendant has taken the stand at his trial and testified that, despite continued police questioning, he affirmed his innocence and made no confession whatever, and it appears that the confession was admitted without any objection other than that it is claimed that it was not given, no Jackson-Denno hearing on the issue of voluntariness is required to be held, since that issue was not in the case. It is immaterial under such circumstances that the trial court set forth in its charge to the jury the various requirements to be satisfied before they could take the confession into consideration, including the requirement that they should not take it into consideration unless they found and believed that it was freely and voluntarily made. This was standard procedure when a confession was introduced in evidence. But, if the issue of voluntariness has not been raised by objection, cross-examination, summation or in any form in a case where the defendant has taken the stand and testified that he made no confession, that issue cannot be the subject of a postconviction hearing merely because the court’s charge contained such a general instruction as to the requirements of a confession. ,
Had defendant not taken the stand at his trial, as is any defendant’s constitutional right, a hearing on the issue of voluntariness would be required on his petition. In that case, even though his counsel may not have objected to the confession evidence or raised the issue of involuntariness in his cross-examination or summation, the court would have been required to charge the jury not to consider the confession unless they found that it was voluntary. Moreover, an important element in reaching the determination in Jackson v. Denno (378 U. S. 368) *945 that a defendant is entitled to a separate hearing and an independent judicial finding on the issue of voluntariness, was that, although a defendant might perhaps be the only source of testimony on his claim of coercion, he might well be deterred from testifying on that issue when the jury was present because of his vulnerability to impeachment by cross-examination (p. 389, n. 16) and, therefore, a defendant was entitled to the opportunity to testify in the absence of a jury as to the facts surrounding a confession (p. 395, n. 23).
But, as herein indicated, when a defendant has elected to testify at his trial and does testify as to the circumstances of his questioning by the police and raises no issue of involuntariness inducing the confession but rather that he did not in fact make the alleged confession, and the issue is not raised in any form throughout the trial, then there is no issue of voluntariness which remains to be heard and determined by the court. A hearing would be without reason or purpose.
In this case defendant did have the benefit of a hearing. On the basis of his testimony and the record as stipulated, the court independently finds and determines that the confession was voluntary.